810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CULP, Petitioner-Appellant,
v.
Tony R. YOUNG, Warden, Respondent-Appellee.
 No. 85-5991.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner, David Culp, is appealing the July 29, 1985, order of the district court denying his motion to amend his habeas corpus petition and stay the petitioner's transfer to another prison.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was an inmate at the Federal Correctional Institution, Memphis, Tennessee. He filed a habeas corpus petition on July 24, 1984, challenging his disciplinary hearing. A September 13, 1983, incident report charged the petitioner with possession of marijuana. The Institution Discipline Committee found the petitioner guilty on December 23, 1983, and ordered him to serve 30 days in disciplinary segregation and to forfeit 30 days statutory good time.
 
 
 4
 The habeas corpus petition alleged that the petitioner's due process rights were violated because he was denied the effective assistance of staff representation and because there was insufficient evidence to find him guilty of a disciplinary infraction. The petitioner also claimed that the Institution Discipline Committee relied on information from a confidential informant without providing the petitioner with a statement as to the reliability of the informant.
 
 
 5
 The matter was referred to a magistrate. Following a two day hearing, the magistrate recommended on April 22, 1985, that the court grant the writ of habeas corpus, order the expungment of the incident report and the restoration of forfeited good time. The magistrate found that the petitioner was denied effective staff representation and that the Institution Discipline Committee report was not a written statement of the fact finders.
 
 
 6
 On May 24, 1985, the petitioner filed a letter with the district court asking it to issue a temporary restraining order enjoining petitioner's transfer from the Federal Correctional Institution during the pendency of the case. The court treated this letter as a motion for a temporary restraining order and for leave to amend his petition. The petitioner alleged that he was "thrown in the hole" and given a new incident report for a petty offense. He charged that this was done in retaliation for his litigation efforts. He declined to say what that offense was, however. The magistrate's report reveals that the petitioner tried to circumvent a urine sample test by taping a clear plastic bottle which was filled with urine to the right side of his penis.
 
 
 7
 On July 2, 1985 the magistrate issued a report recommending that the May 24, 1985, letter asking to amend the petition be denied because the petitioner must first exhaust administrative remedies. The magistrate further recommended that the motion for a preliminary injunction to halt transfer be denied. The district court adopted the magistrate's report on July 29, 1985.
 
 
 8
 The petitioner filed a timely objection to the July 2, 1985, magistrate's report. He stated that he did not object to the magistrate's finding that he had "not carried the heavy burden of showing that he is being transferred in retaliation for his litigation activities." This issue is therefore not preserved for review. Thomas v. Arn, 106 S.Ct. 466, 471 (1985). The petitioner did object to the denial of his motion to amend.
 
 
 9
 The petitioner has been transferred to a penitentiary in Lompoc, California, so this portion of the appeal is moot. The petitioner has failed to exhaust his administrative remedies as to the second portion of the appeal dealing with the motion to amend the petition. Little v. Hopkins, 683 F.2d 953 (6th Cir.1981). For the reasons stated in the magistrate's report and recommendation, we affirm the decision of the district court.
 
 
 10
 Accordingly, it is ORDERED that the final judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.